**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| ARISTOCRAT TECHNOLOGIES AUSTRALIA PTY LIMITED and ARISTOCRAT TECHNOLOGIES, INC., <br><br>                    Plaintiffs, <br><br> vs. <br><br> INTERNATIONAL GAME TECHNOLOGY and IGT, <br><br>                    Defendants. | Case No. 2:05-cv-00820-BES-PAL <br><br> **ORDER** <br><br> (M/Protective Order - #132) <br> (M/Stay of Proceedings - #143) |

The court conducted a hearing on October 24, 2006 on Defendant IGT's Motion for a Protective Order Prohibiting the Depositions of Thomas J. Matthews, Robert A. Bittman, Stephen W. Morro, and Ron Rivera by Plaintiffs (#132) and the accompanying declarations of Robert A. Bittman, Thomas J. Matthews, Stephen W. Morro, and Ron Rivera. Defendant IGT also filed a Memorandum of Points and Authorities (#133) under seal, the Declaration of Brian Neach (#134) under seal, and a Reply (#149) under seal. Plaintiff filed an Opposition (#140) under seal and the Declaration of Arturo E. Sandoval (#141) under seal. Plaintiffs also filed a Request for Leave to File the Supplemental Declaration of Arturo E. Sandoval (#150) and the Supplemental Declaration of Arturo E. Sandoval (#151) under seal. Defendant IGT filed a Notice of Non-Opposition to the Request to file the Supplemental Declaration (#153). Also before the court was IGT and International Game Technology's Motion for a Temporary Stay of Proceedings (#143), to which the plaintiffs filed a Response (#155) and accompanying Declaration of Terry W. Ahearn (#156). The defendants filed a Reply (#157) under seal. At the hearing, the plaintiffs were represented by David Alexander, who indicated that his *pro hac vice* application was still pending. The defendants were represented by Brett Williamson and Brian Neach.

Having reviewed and considered the moving and responsive papers and the arguments of counsel,

**IT IS ORDERED:**

1. Defendant IGT's Motion for a Protective Order Prohibiting the Depositions of Thomas J. Matthews, Robert A. Bittman, Stephen W. Morro, and Ron Rivera by Plaintiffs (#132) is GRANTED in part and DENIED in part.
   a. The court finds with respect to the proposed depositions of Robert A. Bittman, Stephen W. Morro, and Ron Rivera the discovery sought is unreasonably cumulative or duplicative, and is obtainable from other sources that are more convenient and less burdensome.  Additionally, the burden or expense of these depositions outweighs their likely benefit, taking into account the needs of the case, the importance of the issues at stake in the litigation, and the importance of proposed discovery in resolving the issues.
   b. The motion is denied with respect to the proposed deposition of Thomas J. Matthews.
2. IGT and International Game Technology's Motion for a Temporary Stay of Proceedings (#143) is GRANTED.  Discovery in this matter is STAYED pending the district judge's ruling on the Motion for Summary Judgment (#94).
3. If the district judge denies the Motion for Summary Judgment (#94), the parties shall meet and confer **no later than 15 days from entry of the order** to schedule all remaining discovery in this case and reduce the schedule to a stipulation and proposed order.  The new discovery plan and scheduling order deadlines shall coincide with the time intervals in the existing discovery plan and scheduling order as follows:
   a. Fact discovery shall conclude 60 days after decision of the Motion for Summary Judgment (#94);
   b. Opening expert reports shall be due 45 days after the close of fact discovery;
   c. Rebuttal expert reports shall be due 30 days after the disclosure of expert reports;

///

      d.      The last day for expert deposition discovery shall be 30 days after disclosure of rebuttal reports;

      e.      The last day for filing dispositive motions shall be 30 days after the close of expert depositions;

      f.      The last day to file the joint pretrial order shall be 30 days after the deadline for filing dispositive motions. In the event dispositive motions are filed, the date for filing the joint pretrial order shall be suspended until 30 days after a decision of the dispositive motions.

      g.      The disclosures required by Fed. R. Civ. P. 26(a)(3), and any objections thereto, shall be included in the pretrial order.

Dated this 27th day of October, 2006.

_____
PEGGY A. LEEN
UNITED STATES MAGISTRATE JUDGE